UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DALE ALLEN HURICK,

      Petitioner,

                                       Case No. 2:14-cv-81

v.

                                     HON. ROBERT HOLMES BELL

JEFFREY WOODS,

      Respondent.

_____/

## MEMORANDUM OPINION AND ORDER

Petitioner Dale Allen Hurick filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner has also filed a motion for summary judgment.[1] (ECF No. 18.) On January 21, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") (ECF No. 27), recommending that the petition for writ of habeas corpus be dismissed and that the motion for summary judgment be denied. The R&R also recommended that a certificate of appealability be denied. The matter is before the Court on Petitioner's objections to the R&R. (ECF No. 30.)

The Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of

---

[1] The magistrate judge noted that the motion for summary judgment raises the same issues and requests the same relief as the petition for writ of habeas corpus and considered the two motions together. Petitioner did not object to this.

the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## I.

Petitioner was found guilty of first-degree premeditated murder, Mich. Comp. Laws § 750.316(a)(1), on November 2, 2009. The Michigan Court of Appeals denied his appeal as of right, *People v. Hurick*, No. 295533, 2011 WL 521189 (Mich. Ct. App. Feb. 15, 2011), and the Michigan Supreme Court denied leave to appeal, *People v. Hurick*, 800 N.W.2d 588 (Mich. 2011) (memorandum opinion). On April 9, 2014, Petitioner filed his petition for writ of habeas corpus in this Court, raising several challenges to his conviction. The magistrate judge recommended dismissing each claim. Petitioner has raised nine objections to the R&R. The Court will address each in turn.

**A. Objection One**

Petitioner first argues that he was denied due process when the state trial court denied his request to adjourn the trial so that independent forensic evaluations could be conducted. By the end of January 2009, the state court judge had granted Petitioner's requests for forensic examinations of Petitioner's competency to stand trial, competency to waive *Miranda* rights, and criminal responsibility. (1/28/2009 Hr'g Tr. 3-4, ECF No. 12-3.) On

April 16, 2009, the forensic center sent a report indicating that Petitioner was competent to stand trial. (7/6/2009 Hr'g Tr. 4, ECF No. 12-7.) The trial court judge stated that "I'll sign the order that he's competent to stand trial and find as a matter of law if he's competent to stand trial, he's competent as well to waive *Miranda* because the Forensic Center has found no organic mental problem or not organic mental problem [sic]. And I'll sign that order. And the motion to adjourn the trial is denied." (*Id.*) On October 16, 2009, Petitioner again sought to adjourn the trial solely to allow for an independent evaluation on Petitioner's competency to waive his *Miranda* rights. The trial court agreed to refer Petitioner for a *Miranda* competency evaluation, but upon hearing the evaluation would take 60 days, refused to further adjourn the trial. (10/21/2009 Hr'g Tr. 4, ECF No. 12-10.)

The Michigan Court of Appeals noted that "review of the record reveals a glaring deficiency in the area of good cause warranting any adjournment of defendant's trial for the purpose of securing independent psychiatric evaluations," and found that, "[i]n light of [Petitioner's] failure to present any evidence suggesting that he labored under a mental defect or disease that could affect his culpability or capacity to stand trial or waive *Miranda*, he has not demonstrated any good cause to justify independent psychiatric evaluations of his competency to stand trial, competency to waive his *Miranda* rights, or criminal responsibility." *Hurick*, 2011 WL 5211189, at *2. The R&R noted that the petition did not "show[] a need for an independent psychiatric examination or that such an examination would have changed the result of the case." (R&R 8, ECF No. 27.) The Court agrees, and

Petitioner's objections again fail to present any evidence suggesting that an independent psychiatric examination was necessary or would have affected the outcome of this case. Accordingly, Petitioner's claim is meritless. *See Gover v. Perry*, 698 F.3d 295, 299 (6th Cir. 2012) ("Generally, habeas petitioners are not entitled to relief based on a constitutional error at trial unless 'they can establish that it resulted in actual prejudice.'") (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

**B. Objections Two and Seven**

Petitioner's second objection argues that he was "denied due process when the trial court denied his motion to adjourn in order to conduct an evidentiary hearing to test whether his inculpatory statement to police was voluntary, knowing, and intelligent." (Objections 5, ECF No. 30.) Petitioner contends he was denied a hearing outside of the presence of a jury, contrary to the Michigan Supreme Court's decision in *People v. Walker*, 132 N.W.2d 87 (Mich. 1965). Petitioner's seventh objection argues that his inculpatory statements must be suppressed because they were made in violation of his Fifth Amendment rights, made under threat, duress, and coercion, and made by the Petitioner when he was not competent to waive his *Miranda* rights. Petitioner now contends that he was deprived food, medication, an attorney, and an appropriate holding cell, and that he had been awake for 48 hours before giving his statement. The Court will address these two objections together, as they both relate to the voluntariness of Petitioner's inculpatory statements.

"*Walker* holds that a trial court presented with a pretrial objection to the voluntariness of a confession must hold an evidentiary hearing to determine the issue of voluntariness." *Brown v. McKee*, 231 F. App'x 469, 474 (6th Cir. 2007); *see also People v. Leonard*, 264 N.W.2d 130, 132 (Mich. Ct. App. 1978) (holding that a *Walker* hearing must be held if the defendant moves for it before trial). "If the defense moves for a *Walker* hearing during trial, despite failing to do so prior to trial, the trial court may in its discretion hold an evidentiary hearing." *Brown*, 231 F. App'x at 474 (citing *People v. Soltis*, 304 N.W.2d 811, 812 (Mich. Ct. App. 1981)).

The Michigan Court of Appeals found that, "[c]ontrary to defendant's appellate characterization of the record, his trial counsel never specifically asked the trial court to hold a *Walker* hearing to investigate whether his statements to the police in December 2008 qualified as voluntary, knowing and intelligent." *Hurick*, 2011 WL 521189, at *2. "The sole mention of a potential *Walker* hearing occurred before trial on May 14, 2009; after defense counsel apprised the court she did not yet have an evaluation of defendant's competency to waive *Miranda,* the trial court raised the subject of a potential *Walker* hearing when scheduling the July 6 trial date: 'Well, then we'll have to make sure to schedule a *Walker* hearing and have the reports available.'" *Id.* at *2 n.6.

The Court agrees. Although Petitioner's trial counsel requested an adjournment to conduct an independent forensic examination, counsel did not request a *Walker* hearing. (Jury Trial Tr. I at 3, ECF No. 12-11.) And at trial, the "[d]efense at no point raised a challenge to

5

the admissibility of the statements defendant made to the police." Thus, the trial court was not required to conduct a *Walker* hearing that Petitioner did not request prior to trial. *Brown*, 231 F. App'x at 474.

Further, even if a *Walker* hearing had been conducted, Petitioner has failed to demonstrate that a different result would have occurred. To be valid, a waiver of *Miranda* rights must be knowing, voluntary, and intelligent. *Colorado v. Spring*, 479 U.S. 564, 573 (1987). "A confession is involuntary only if there is (1) police coercion or overreaching which (2) overbore the accused's will and (3) caused the confession." *Hill v. Anderson*, 300 F.3d 679, 682 (6th Cir. 2002) (citing *Colorado v. Connelly*, 479 U.S. 157, 165-66 (1986)). *Connelly* held that "coercive police activity is a necessary predicate to the finding that a confession is not voluntary." 479 U.S. at 167.

> The Michigan Court of Appeals stated:
>
> The available record gives rise to no suggestion of police coercion. The police arrested defendant on December 15, 2008, and a deceased police officer attempted to interview defendant on December 16, 2008. The sergeant who testified at trial recounted that he briefly and unsuccessfully interviewed defendant at some point on December 17, 2008, and that he later returned to discuss the victim's murder with defendant at defendant's request. The December 17, 2008, interviews encompassed approximately 90 minutes, and the sergeant denied noticing any signs that defendant had offered his statements unwillingly.

*Hurick*, 2011 WL 521189, at *2. Petitioner did not object when a video recording of the interviews was offered into evidence. (Jury Trial Tr. IV at 37, ECF No. 12-14.) The Court of Appeals also correctly noted that the trial record was "entirely devoid of any medical

records, testimony, affidavits or any offer of proof tending to substantiate that defendant suffered from a mental illness or infirmity." *Hurick*, 2011 WL 521189, at *2. The court stated that "[t]he parties do not dispute that the only forensic psychiatric evaluation in the record concluded that defendant had the capacity to waive his *Miranda* rights at the time he made his statements, and defendant presented no evidence tending to substantiate that he labored under any mental or emotional infirmity that might have placed in doubt the voluntary, knowing and intelligent nature of his statement." *Id.*

The Court has reviewed the record as well as Petitioner's objections, and finds that Petitioner has not rebutted the state court's finding that there was no suggestion of police coercion with clear and convincing evidence. *McKinney v. Ludwick*, 649 F.3d 484, 488 (6th Cir. 2011). This factual determination was not objectively unreasonable in light of the evidence presented at trial. Petitioner has also failed to rebut the forensic examination report of Krissie Fernandez, Ph.D., which concluded that "there appeared to be nothing to suggest mental retardation or mental illness during the time in question [December 2008]."

Put simply, because Petitioner has failed to point to any evidence in the record showing coercive police activity or mental illness, "there was no legal basis to exclude Petitioner's statement . . . [and] Petitioner has . . . failed to show that his rights were violated by the trial court's failure to conduct a *Walker* hearing." *O'Bryan v. Palmer*, No. 2:14-cv-11793, 2016 WL 520943, at *7 (E.D. Mich. Feb. 10, 2016). The Michigan Court of Appeals' finding that Petitioner's "argument that the waiver of his *Miranda* rights was not voluntary

must fail" was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

**C. Objection Three**

Petitioner's third objection argues that there was insufficient evidence to convict him of first-degree premeditated murder. When reviewing a sufficiency of the evidence claim in a habeas matter, "the relevant question is, whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). To be found guilty of first-degree, premeditated murder, the state must prove that "defendant intentionally killed the victim and that the act of killing was premeditated and deliberate." *People v. Ortiz*, 642 N.W.2d 417, 420 (Mich. Ct. App. 2001). "The elements of premeditation and deliberation may be inferred from circumstances surrounding the killing. Minimal circumstantial evidence is sufficient to prove an actor's state of mind." *Id.* (internal citations and quotation marks omitted).

The Michigan Court of Appeals described in detail the evidence that, viewed in the light most favorable to the prosecution, would allow a rational trier of fact to find that the essential elements of first-degree, premeditated murder were established. *See Hurick*, 2011

WL 521189, at *3-6. Francisco Saadedra testified that on the night the victim was killed, Petitioner and the victim left a house together, and Petitioner had "something on him that looked like the handle or a grip of some kind of tool like a hammer or screwdriver or something." (Jury Trial Tr. II at 88, ECF No. 12-12.) When Petitioner returned to the house 10 to 15 minutes later, without the victim, Saadedra did not notice the tool. Saadedra further testified that when Petitioner returned to the house, he immediately went upstairs to wash his hands and face. (*Id.* at 89.) "His hands looked red. It looked like there was something on his hands." (*Id.* at 89-90.) His shoes looked like they had "blood or something red" on them. (*Id.* at 90.)

Richard Bowles also testified that 20-30 minutes after Petitioner and the victim left together, he saw Petitioner running out of an alley without the victim. (Jury Trial Tr. III at 58, ECF No. 12-13.) Petitioner went upstairs to change his clothes. Petitioner told Bowles that "I fucked [the victim] up pretty good." (*Id.* at 60.) Bowles observed what appeared to be spots of blood on Petitioner's sleeves, and told him "you got to take this shit out of my house. I don't want it here . . . I don't want no trail." (*Id.* at 61.) Petitioner later told Bowles that he hit the victim with "like a stone or a brick or something like that." (*Id.* at 65.)

Further, on December 17, 2008, Petitioner authored a handwritten statement. In this statement, Petitioner admitted to hitting the victim twice with a hammer, and throwing the hammer in an industrial dumpster. (Jury Trial Tr. IV at 23, ECF No. 12-14.) Petitioner stated, "I noticed [the victim] still breathing because blood was bubbling out of his nose. And then

9

Richard [Bowles] found a huge rock and slammed it on [the victim's] face." (*Id.* at 24.) The forensic examiner noted blunt force trauma to the victim's head.

The Court finds no error in the Michigan Court of Appeals' statement that "[t]he reasonable inferences from these facts, together with defendant's admissions to Bowles and his properly admitted inculpatory statements to Sergeant Mackie, sufficiently proved beyond a reasonable doubt defendant's identity as the victim's killer. And substantial other circumstantial evidence and reasonable inferences established beyond a reasonable doubt that defendant intentionally killed the victim with deliberation and premeditation." *Hurick*, 2011 WL 521189, at *5. While Petitioner's objections attempt to poke holes in some of this evidence, the Court cannot say that, while viewing the evidence in the light most favorable to the prosecution, *no* reasonable juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 307.

**D. Objection Four**

Petitioner's fourth objection argues that he was denied his constitutional right to a fair trial by a non-biased and impartial trial court "where the trial court made numerous decisions and comments which were adverse to Petitioner's ability to properly defend himself, thereby rendering the result of the trial unreliable." (Objections 11.) Petitioner does not allege how the magistrate judge erred. Rather, he simply restates arguments previously made before the magistrate judge. Petitioner essentially argues that the trial court was biased and impartial, as shown through its denials of an adjournment and evidentiary hearing. The Court has

already found no error warranting relief in the trial court's decision to deny to an adjournment and evidentiary hearing, and the Court agrees with the magistrate judge that Petitioner has not established judicial bias solely by alleging that the trial judge made rulings that were unfavorable to him. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

### E. Objection Five

Petitioner next argues he was denied his Sixth Amendment right to confront his accuser when Richard Bowles refused to testify at trial, and Petitioner was not able to cross-examine Bowles in front of the jury. (Objections 15.) At a preliminary examination, Bowles testified and was subject to cross-examination and recross-examination. (Preliminary Examination Hr'g Tr., ECF No. 12-2.) At Petitioner's trial, Bowles refused to testify. The trial court found that Bowles was unavailable, and allowed for Bowles' preliminary examination testimony to be read into trial.

"[T]he Supreme Court has recognized in the past that on certain facts, the opportunity to cross-examine a witness at a preliminary hearing is sufficient to satisfy the Confrontation Clause." *Weissert v. Palmer*, No. 1:10-cv-851, 2015 WL 5680149, at *2 (W.D. Mich. Sept. 25, 2015) (citing *Ohio v. Roberts*, 448 U.S. 56, 70 (1980); *California v. Green*, 399 U.S. 149, 165 (1970)). Given the cross-examination that took place at the preliminary examination, which the jury heard, and the fact that Supreme Court has never determined exactly how

11

much cross-examination is required before preliminary-examination testimony is admissible at trial, the Court does not find that the state court's decision resulted in either "a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," or "a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Williams v. Bauman*, 759 F.3d 630, 635 (6th Cir. 2014) (rejecting similar claim because the petitioner "has failed to identify any Supreme Court precedent supporting his contention that his opportunity to cross-examine [the witness] at his own preliminary hearing was inadequate to satisfy the rigors of the Confrontation Clause").

Petitioner also notes that, "at the very least the trial court had a duty to instruct the jury with a 'missing witness' instruction before deliberation." Petitioner cites no authority for this statement, and has not met his "especially heavy" burden of proving that an omitted jury instruction prejudiced him to the extent that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977); *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

**F. Objection Six**

Petitioner's sixth objection argues that he "was denied his Fourth Amendment right where there was no probable cause determination made prior to the issuance of the invalid

complaint and subsequent arrest warrant, mandating a suppression of the evidence obtained therein." (Objections 16.)

As the magistrate judge noted, the United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). When applying *Stone*, district courts must make two "distinct inquiries." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). First, the court must determine "whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim." *Id.* Second, the court must determine whether "presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* The "*Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 638-40 (6th Cir. 2013).

Michigan courts have a procedural mechanism—the motion to suppress—which presents an adequate opportunity for criminal defendants to raise Fourth Amendment claims. *Lovely v. Jackson*, 337 F. Supp. 2d 969, 976 (E.D. Mich. 2004). Petitioner has not shown or argued that a failure of this mechanism prevented him from litigating his Fourth Amendment claim. Moreover, Petitioner *did* in fact present his claim to the state court. Petitioner's claim

was denied in his motion for relief from judgment. (Mot. for Relief from J. 3-5, ECF No. 12-21.) This "post-conviction motion" made clear that "the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Accordingly, any claim concerning the validity of Petitioner's arrest is not cognizable on habeas review pursuant to *Stone v. Powell*." *Lovely*, 337 F. Supp. 2d at 976.

**G. Objection Eight**

Petitioner's eighth objection argues that he was denied his Sixth Amendment right to effective assistance of counsel as a result of his trial counsels' errors. (Objections 20.)

Petitioner argues that his attorney at the preliminary examination, Lillian Diallo, was ineffective for: failing to cross-examine Richard Bowles; failing to have Petitioner's competency evaluated to determine criminal responsibility, stand trial, and waive *Miranda*; and failing to challenge the voluntariness of Petitioner's inculpatory statement to the police. Petitioner claims that Larry Polk, who represented him at two pre-trial hearings, provided ineffective assistance of counsel when he failed to challenge Petitioner's competency or the voluntariness of Petitioner's statements. Petitioner contends that Steven Bullock provided ineffective assistance of counsel when he failed to object to the admission of Richard Bowles' preliminary examination testimony at trial, and when he failed to request a "missing witness" jury instruction.

The magistrate judge found that Petitioner procedurally defaulted his claim of ineffective assistance of counsel. Petitioner has failed to address this ruling in his objections,

14

and for the reasons stated in the R&R, the Court agrees.

Moreover, even if Petitioner had not procedurally defaulted this claim, it would still be meritless. Petitioner's argument that Diallo failed to properly cross-examine Richard Bowles fails because the record demonstrates Diallo conducted extensive cross-examination at the preliminary examination. (Preliminary Examination Hr'g Tr. 26-51.) Petitioner's argument that Diallo and Polk provided ineffective assistance of counsel when they failed to have Petitioner's competency evaluated and failed to object to the voluntariness of Petitioner's statements also fails. As stated above, Petitioner was subject to a forensic examination by a psychologist, who determined that "there appeared to be nothing to suggest mental retardation or mental illness during the time in question [December 2008]." Petitioner has failed to show that if Diallo or Polk had obtained another, independent examination, the result of the examination would have been different. Thus, Petitioner has failed to show that but for counsels' deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Petitioner has also failed to show that objections should have been made as to the voluntariness of Petitioner's statements to the police or the admission of Bowles' preliminary examination testimony. "Judicial scrutiny of counsel's performance must be highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A lawyer does not perform deficiently or prejudice his or her client by failing to raise frivolous objections. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). As the Michigan Court of Appeals noted, and as stated above, the record evidence indicates that the statements were made voluntarily. Further, the trial court's admission of Bowles' testimony was proper because Bowles was an unavailable witness. Thus, counsel's failure to raise objections to these matters was not constitutionally ineffective. *Harris*, 204 F.3d at 683.

Lastly, the Court cannot discern, and Petitioner has failed to argue, how the request of a "missing witness" instruction would have led to a reasonable probability that the outcome of the proceeding would have been different. Thus, counsel was not constitutionally ineffective for failing to raise this issue. *Strickland*, 466 U.S. at 694.

### H. Objection Nine

Lastly, Petitioner argues that his appellate counsel was constitutionally ineffective for failing to raise many of these issues on direct appeal. As the Court has found that none of Petitioner's claims have merit, the Court disagrees. *See Smith v. Murray*, 477 U.S. 527, 536 ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (citation omitted). Further, while Petitioner's objections reference newly discovered evidence

that counsel failed to introduce, he does not mention what that evidence is, and his claim is therefore meritless.

## II.

Petitioner also file a second motion for leave to amend or correct his petition. The Court reviewed the attached amendments, and the amendments do not affect the Court's decision in this matter. Thus, Petitioner's motion will be denied as moot.

## III.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (internal quotation marks omitted). The Sixth Circuit has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Upon review, the Court finds that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.

## IV.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Magistrate Judge's January 21, 2016 Report and Recommendation (ECF No. 27) is **APPROVED and ADOPTED** as the Opinion of this Court. Petitioner's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's objections to the R&R (ECF No. 30) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's second motion to amend/correct (ECF No. 28) is **DENIED AS MOOT**.

Judgment will enter in accordance with this opinion and order.

Dated: March 23, 2016                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE